UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADA ORNELAS,

               Plaintiff,

            v.

FIDELITY NATIONAL TITLE COMPANY OF
WASHINGTON, INC., et al.,

               Defendants.

CASE NO. C04-2141RSM

ORDER ON MOTION TO DISMISS
CLAIM OF FRAUD

      This matter is before the Court for consideration of defendant Ameriquest Mortgage Company's ("Ameriquest's") motion to dismiss plaintiff's claim of fraud (Dkt. # 19).   The Court has reviewed the motion, response, and reply, the complaint and relevant case law.  For the reasons set forth below, the Court grants defendant's motion.

DISCUSSION

      This case arises from a series of loan applications and related transactions by plaintiff in her effort to refinance her home.  The facts, as they are set forth in the amended complaint, will be recited only insofar as they are relevant to this motion.  Plaintiff alleges that she applied in April 2003, through Northwest Loan Center ("Northwest") for a loan from Ameriquest.  She received a Good Faith Estimate of fees on April 8, and decided the fees were too high.  She states that she advised Northwest on April 9 by facsimile and mail that she did not wish to proceed on the Ameriquest loan.  Nevertheless, she states that employees of Ameriquest called her at home and at her business to try to convince her to close on

ORDER ON MOTION TO DISMISS FRAUD
CLAIM - 1

the Ameriquest loan.  She filed a complaint with the Washington State Department of Financial Institutions and faxed a copy of her Notice of Cancellation to Ameriquest on May 9, 2003.   She requested that Ameriquest send confirmation of the cancellation and was told that it would take two weeks.   However, in June she received a payment coupon book and other loan documents from Ameriquest, still purporting to indicate that plaintiff had a loan from them.  She called the company, spoke with someone claiming to be the president, and was assured that the matter would be cleared up. In the meantime, she continued to work with Northwest to find a loan with agreeable terms.   On June 12, 2003, she was advised that the new loan Northwest had found for her could not close because Ameriquest had reported to the credit bureaus that plaintiff had a loan with them and that it was in collection.  She called Ameriquest again, and a "Ms. Wolf" there promised to remove the improper credit report, as well as to pay closing costs on a new loan to compensate plaintiff for any harm caused. However, through June plaintiff continued to receive harassing telephone calls from Ameriquest, telling her to come to the office to finalize her loan.   At the same time, plaintiff was calling Amriquest corporate offices in an attempt to clear up her credit report.   By August of 2003, Northwest began pressuring her to go ahead with the Ameriquest loan.  As a result, she turned in December of 2003 to a different mortgage broker.   While that was not the end of plaintiff's troubles with mortgage brokers and lenders, it apparently was the end of her troubles with Ameriquest.

On these facts, plaintiff alleges in her second cause of action that defendant Ameriquest intended to defraud her in three ways: (1) by "providing false and fraudulent information about the true costs of and subsequent cancellation of the mortgage loan"; (2) by reporting to credit reporting agencies that she had a loan with Ameriquest when in fact she did not; and (3) by attempting to pressure her into making payments on the non-existent loan and then trying to force her into taking that loan.  Amended Complaint, ¶ 3.6.   Even if these allegations are deemed true, they do not state a claim of fraud.

The facts supporting a claim of fraud must be pled with particularity.  F.R.Civ. Proc. 9(b).  The elements of fraud are (1) the representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the statement be acted upon by the person

 ORDER ON MOTION TO DISMISS FRAUD
CLAIM - 2

to whom it is made; (6) the recipient's ignorance of its falsity; (7) the recipient's reliance on the truth of the representation; (8) the recipient's right to rely on it; and (9) consequent damages.  Goel v. Jain, et al., 259 F. Supp. 2d 1128, 1136 (W.D.Wash. 2003); *citing* Farrell v. Score, 67 Wash. 2d 957, 958-59 (1966);  Kirkham v. Smith, 106 Wash. App. 177, 183 (2001).   The facts alleged by plaintiff fail to establish several of these elements.

Specifically, the allegation that Ameriquest provided "false and fraudulent information about the true costs of and subsequent cancellation of the mortgage loan" fails to state a claim of fraud, because plaintiff states that she declined the loan when she learned the true costs.  Thus, she was neither ignorant of the statement's falsity, nor did she rely on it.   This statement fails to satisfy elements (6) and (7).   The allegation that Ameriquest reported to credit reporting agencies that she had a loan with Ameriquest, when in fact she did not, fails to state a claim of fraud because it does not describe a statement that was made to plaintiff.  This statement thus fails to satisfy elements (5), (6), (7), and (8).  Finally, plaintiff's allegation that Ameriquest attempted to pressure her into making payments on the non-existent loan and tried to force her into taking that loan fails to state a claim of fraud, because it does not identify any false statement upon which plaintiff relied.  This allegation fails to satisfy elements (1), (2), (3), (6), (7), (8), or (9).

Thus, while plaintiff may have other causes of action against defendant Ameriquest, she has failed to plead a claim of fraud.  Accordingly, Ameriquest's motion to dismiss the claim of fraud is GRANTED, and the second cause of action in the amended complaint is DISMISSED, without prejudice.

DATED this 8th day of July, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO DISMISS FRAUD
CLAIM - 3